## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

CROCKETT V. GRAYSON.

JUNE 21, 1900.

Absent, Riely, J.*

1. REAL ESTATE BROKERS—*Completed Sale—Commission—Case at Bar—*
   *False Representations of Vendor—Injury.*—A real estate broker to be
   entitled to compensation must complete the sale. He must find a
   purchaser in a situation ready and willing to complete the purchase
   upon the terms agreed upon before he is entitled to his commission.
   When he has found such a purchaser who has entered into a valid
   contract, his right to compensation cannot be defeated by the fault
   of the seller, by his misrepresentations, or by his whimsical or
   unreasonable refusal to comply with his contract. In the case at
   bar, however, the contract secured by the broker reserved to the
   purchaser the liberty to declare the contract null and void if the
   liens on the land exceeded a specific sum, which was represented
   by the vendor to be all. They exceeded that sum, and he declared
   the contract void. There was no completed contract, therefore,
   and the broker is not entitled to his commission. If the representa-
   tion of the vendor be treated as false, the broker was not injured,
   as it appears that the purchaser would not have entered into the
   contract but for the representation.

Error to a judgment of the Circuit Court of Bland county,
rendered November 25, 1898, in an action of *covenant*, wherein
the plaintiff in erorr was the plaintiff, and the defendant in
error was the defendant. ·

*Affirmed.*

The opinion states the case.

*Judge Riely was prevented by sickness from attending this term.

*J. H. Fulton* and *J. J. A. Powell*, for the plaintiff in error.

*S. W. Williams* and *F. Kegley*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

The defendant in error, wishing to dispose of a tract of land lying in Bland county, entered into a contract with the plaintiff in error as follows:

" This contract, made and entered into between Charley Grayson of the first part, and J. R. Crockett of the second part, is, that J. R. Crockett is to have all over and above $11,000, he can sell 700 acres of the said Grayson's farm, including all of the cleared land, and balance of the 700 is timbered land adjoining the cleared land.

" Witness my hand and seal, this April 22, 1896.

" CHARLES GRAYSON.   [SEAL]"

Acting under this authority, Crockett entered into a negotiation with William H. Spiller, which resulted in an agreement between Grayson and Spiller, in which the latter agreed to purchase 700 acres of land from Grayson with the buildings, improvements, and growing crop of hay thereon, and to pay for the same the sum of $14,000, as follows: About $10,000 to be paid by Spiller in property belonging to him in the town of Wytheville, and certain notes due to him secured upon real estate; and the contract then provides "that the said W. H. Spiller is to assume for payment for said Grayson the sum of $4,000, which the said Grayson represents as being the whole amount of the liens against the said property hereby sold the said Spiller, and which said sum the said Grayson states will give a clear title to the land hereby sold; but, if the amount of liens by judgment or otherwise against the said Grayson exceeds

the sum of $4,000, then the said Spiller is at liberty to declare this agreement null and void."

This contract was duly executed by Grayson and Spiller. When the attorney for Spiller came to examine the title, it was ascertained that the liens upon Grayson's land amounted to more than $40,000; and thereupon Spiller exercised the right which he had reserved to himself under his contract, and declared the agreement entered into with Grayson null and void. Crockett brought suit upon his covenant with Grayson to recover the compensation to which he conceived himself to be entitled. He demands in his declaration the sum of $3,000, being the amount in excess of $11,000 which Spiller had agreed to pay. There was a verdict and judgment for the defendant, and the case is before us upon a writ of error.

There is no question here as to Crockett having been employed to make the sale; nor as to the compensation to which he would have been entitled had his undertaking been performed. The sole question is, does it appear from the evidence that he has negotiated a sale which entitles him, in accordance with a just construction of the terms of his employment, to the stipulated compensation?

It is true that, owing to the efforts of plaintiff in error, Spiller was induced to enter into a contract for the purchase of the land in question upon terms satisfactory to Grayson; but that, we conceive, is not sufficient, for that contract contained a provision by virtue of which Spiller reserved to himself the privilege of annulling it if a fact was made to appear over which Grayson had no control. It was a fact that the liens upon Grayson's land amounted to more than $4,000. They approach, as appears from the record, the sum of $40,000. From this fact there was no escape, and its existence, by the very terms of the contract by which Crockett induced the buyer and seller to make the agreement, and for the procurement of which he demands compensation, gave to Spiller the absolute and un-

questioned right to avoid it at his pleasure. Grayson seems to have been anxious to consummate this contract. He made every effort to induce Spiller to abide by it. There is evidence in the record tending to show that a greater part of the liens against him were apparent, rather than real. There is evidence tending to show that very little more than $4,000 would have satisfied the debts which constituted the liens upon Grayson's lands for which he was primarily liable; but the contract procured through the agency of the plaintiff in error reserved to Spiller the privilege of annulling his liability under it, and this privilege he saw fit to exercise.

A real estate broker, to be entitled to compensation, must complete the sale. He must find a purchaser in a situation ready and willing to complete the purchase upon the terms agreed upon before he is entitled to his commissions. When he has found such a purchaser who has entered into a valid contract, his right to compensation cannot be defeated by the fault of the seller, by his misrepresentation, or by his whimsical or unreasonable refusal to comply with his contract. *McGavock* v. *Woodlief,* 20 How. 221; *Kock* v. *Emmerling,* 22 How. 69; *Tombs* v. *Alexander,* 101 Mass. 255; and Mechem on Agency, sec. 862, *et seq.*

It is claimed in this case that Crockett found a purchaser who entered into a contract in exact accordance with instructions which he received from his principal, Charles Grayson; and in one view of it, this is true. Grayson was ready to sell his property for $14,000, and Spiller was able to pay for it. The terms of payment were agreed upon, and a contract signed; but, as we have seen, in that contract there was a right reserved by which it was subsequently defeated. The contention of Crockett upon this point is that it was defeated by the misrepresentation of Grayson, and that, therefore, he is entitled to the compensation for which he had contracted.

There are, perhaps, cases in which a broker may be entitled to

compensation where a negotiation for the sale of real estate has been broken off by reason of a misrepresentation made by the seller. Such a case is referred to in Mechem on Agency, but the authority is not accessible to us. It is a fundamental principle that the fraud of which one complains must be accompanied by damage to constitute a cause of action. It is true, that Grayson represented that $4,000 would satisfy the liens upon his lands, and this statement appears to have been untrue; but it is plain that so far as it affects Crockett's right to recover in this action, it did not injure him in the least degree, for if the representation had not been made, Spiller would never have entered into the agreement. , Had Grayson disclosed the precise state of the record with respect to the liens upon his property, it is safe to say that the negotiation between himself and Spiller would at once have ended.

We do not deem it necessary to enter into a critical examination of the instructions given and refused upon the trial, for, upon the facts presented to the jury, they could not, with propriety, have found any other verdict than that at which they arrived.

We are of opinion that the judgment of the Circuit Court must be affirmed.

*Affirmed.*