## Staunton.

STRICKLAND V. FAIRFAX.

September 9, 1909.

Absent, Keith, P.

1. BROKERS—*Right to Compensation—Completion of Service—Agreement Not to Charge.*—A broker's right to compensation attaches only when he has completed his services, and not till then. If he is employed to effect a lease, and afterwards, before the lease is effected or he has done all that it was his duty to do, he agrees with the owner that he will make no charge for his services, there can be no recovery by him for his services. He cannot recover for subsequent services because he agreed not to charge for them, and he cannot recover for prior services because his services were not completed, and his right to compensation depended upon a full performance of his duty as broker.

Error to a judgment of the Corporation Court of the city of Roanoke in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Dupuy & Whittle* and *Hart & Hart,* for the plaintiff in error.

*C. A. McHugh* and *Robertson, Hall, Woods & Jackson,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

R. R. Fairfax, a real estate broker doing business in the city of Roanoke, instituted an action of *assumpsit* to recover

compensation for services rendered in leasing to Kress & Co. certain real estate owned by J. T. Strickland.

Fairfax introduced evidence which tended to prove that he had entered into an agreement with Strickland, as a real estate broker, to effect the lease of certain property, and was to receive for his services the usual commissions received for like services in that city; that he did effect a lease of the property to Kress & Co.; and that the usual compensation for like services in that city was two and one-half *per cent.* on the aggregate amount of the rent to be received by the landowner. Strickland, on the other hand, denied that he had made any such agreement. He introduced evidence tending to prove that after Fairfax had interviewed him on two or three occasions in reference to the sale or lease of the property, he came to him again and said that he was in correspondence with Kress & Co. in reference to the property, and would like to have them located on Strickland's corner; that he (Strickland) then inquired of Fairfax what he would expect for his services if the property was leased to them, and his reply was that he would not charge him anything, as he expected to get some options on ground near by, and would come out all right; and with that understanding the lease was afterwards made to Kress & Co.; that Fairfax requested him the night the contract of lease was signed, and afterwards, not to say anything about it until he could secure certain options; that he delayed making public the lease for a week or ten days, and that Fairfax secured at least one option on adjoining property out of which he made two hundred dollars.

In submitting the case to the jury, Fairfax asked for three instructions. By the first the jury were told that the burden was on the plaintiff to show that he had performed the services alleged in the declaration, and that he had authority to perform them; and that the burden was on the defendant to prove any matter of defense. To this instruction there was no objection.

The other two instructions, as amended and given by the court, were as follows:

2. "The court instructs the jury that if they believe from the evidence that, after the plaintiff had rendered services to the defendant in securing a tenant for him, which services were accepted by the defendant, the plaintiff promised or agreed not to make any charge for such services, in order for such promise or agreement to be binding on the plaintiff, it must have been supported by a consideration, and if the promise or agreement was made without consideration, the plaintiff may recover the reasonable value of his services rendered up to that time under the contract and for which he was entitled to receive pay."

3. "The court instructs the jury that if they believe from the evidence that the plaintiff rendered services to the defendant in securing Kress & Co. as tenant for his building, and that there was no agreement between plaintiff and defendant as to the amount of compensation, and that the defendant accepted such services rendered by the plaintiff and received a benefit therefrom, then the plaintiff is entitled to recover the reasonable value of the services rendered by him in connection with the procuring the contract of lease, except if the jury believes from the evidence that the plaintiff told the defendant he would make no charge for his services, then he is not entitled to recover for any services subsequently rendered."

The action of the court in giving these two instructions, which were objected to in the trial court, is assigned as error.

Neither of the instructions, as it seems to us, were applicable to the case. If the jury believed that the evidence sustained the plaintiff's claim—that he had rendered the services under the express agreement testified to by him—then he was entitled to recover for effecting the lease the usual commissions paid for like services in the city of Roanoke. If, on the contrary, they believed that the evidence sustained the defendant's contention—that he had made no contract with the plaintiff to lease

his property prior to the conversation in which the plaintiff told the defendant that he did not make any charge for his services—then the plaintiff was not entitled to recover anything. He was not entitled to recover for services rendered subsequently, because he had stated that he would not charge for them; he was not entitled to recover for services rendered prior to that time, since they were rendered as a mere volunteer. Clark & Skyles on Law of Agency, sec. 769.

If the jury believed that the plaintiff had been employed as a broker to effect a lease of the property, and that afterwards, before the lease was effected or the broker had done all that it was his duty to do, he had agreed with the defendant that he would not charge him for his services, there could be no recovery. He could not recover for subsequent services, because he had agreed not to charge for them; he could not recover for prior services, since his right to compensation under the express agreement testified to by him, as well as under the general law applicable to brokers, depended upon a full performance of his duty as broker.

It is well settled that a broker's right to compensation attaches only when he has completed his services, and not till then. See *Crockett* v. *Grayson,* 98 Va. 354, 357, 36 S. E. 477, and cases there cited; 2 Clark & Skyles on Law of Agency, secs. 770, 771; 19 Cyc. 240.

It is not pretended that, at the time the defendant testifies plaintiff informed him that he would not charge him for his services, the lease had been made, or that the plaintiff had done all that was required of him in effecting the lease. Since the plaintiff had no right to compensation for services rendered under the express agreement until the services were performed under it, he could not abandon that agreement before he had performed his contract and agree not to charge for his services in making the lease, and then recover for what he had done prior to his abandonment.

For the error in giving the instructions objected to, the judgment must be reversed, the verdict set aside, and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*