EASTERN MOTOR SALES CORPORATION V. APPERSON-LEE
MOTOR COMPANY, INC.

June 10, 1915.

1. PRINCIPAL AND AGENT—*Automobiles—Discount—Commissions.*—
Although an agency within the meaning of the automobile
trade consists in giving the agent the exclusive right to pur-
chase for cash from the manufacturer machines, at a discount
from the list price, and retail them to purchasers at the full list
price, where the compensation of the person making the sale
is fixed by a percentage of the price obtained for a machine,
it is wholly immaterial whether such compensation be called
a discount or a commission, and it is not reversible error for
the trial court to designate it a commission in an instruction
given in an action to recover such compensation.

2. SALES—*Date—Principal and Agent.*—Under a contract by an
agent to pay a sub-agent an agreed compensation on the sale
of certain described automobiles, if a contract of sale is ef-
fected and the automobiles are subsequently delivered to and
paid for by the purchaser, in an action by the sub-agent to
recover such compensation from his employer, it is not pre-
judicial to the employer to instruct the jury that, as between
such employer and his sub-agent, the sale took place when the
automobiles were delivered by the manufacturer to the carrier,
although the title was not to pass from the manufacturer
until the price of the automobiles was paid.

3. INSTRUCTIONS—*Evidence to Support—Case at Bar—Fraud.*—The
evidence in the case at bar is sufficient to sustain the instruc-
tion of the court that, if the jury believed that the defendant
cancelled his contract with the plaintiff solely for the purpose
of depriving the plaintiff of his compensation in fulfilling the
contract, this constituted fraud on the part of the defendant,
and they should find for the plaintiff.

4. SALES — *Commissions — Exclusive Territory — Instructions—Evi-
dence to Support.*—A sub-agent who lawfully has the exclu-
sive sale of the goods of a manufacturer within a designated
territory, and for which he is to receive a stated compensa-
tion, is entitled to his compensation on sales within such ter-

ritory which were induced by him whether such sales were made by his employer or the manufacturer; and, in an action by such sub-agent against his employer to recover compensation for such a sale, an instruction that the plaintiff is entitled to recover if the jury believe that the defendant made such sale within the territory allotted to the plaintiff and that the plaintiff was the procuring cause thereof, is sufficiently sustained by proof of such sale by the manufacturer and not by such employer.

5. INSTRUCTIONS—*Fully Instructed.*—Where the jury has been fully and fairly instructed on the law applicable to the facts which the evidence tends to prove, it is not error to refuse other instructions tendered.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in a proceeding by motion for a judgment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Boulware & Wallace,* for the plaintiff in error.

*Fred C. Pollard* and *Coleman, Easley & Coleman,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This action was brought by the Apperson-Lee Motor Co., Inc., against the Eastern Motor Sales Corporation to recover of the defendant "commissions on sale of one Alco Motor Truck to Montrose Fruit Company, Lynchburg, Virginia, at the price of $2,950.00 @ 15%=$442.50," and at the trial of the cause a judgment was rendered upon the verdict of the jury in favor of the plaintiff for the sum of $376.12, with interest and costs, to which judgment this writ of error was allowed the defendant.

It appears that the plaintiff in error was the general agent of the American Locomotive Company for the sale of its automobiles and trucks in the State of Virginia, and on October 28, 1912, plaintiff in error entered into a contract with defendant in error by which the latter was given the exclusive right of sale of automobiles known as "Alcos" in certain territory, viz: city of Lynchburg, counties of Amherst, etc., this contract to terminate on July 1, 1913, unless sooner terminated by one of the parties as provided for in the contract; that defendant in error, proceeding under said contract, had endeavored to interest the Montrose Fruit Co. in the purchase of an Alco two-ton truck at the price of $2,950.00, that being the price at which defendant in error could sell said truck; that prior to April 17, 1913, while said contract was still in force, such a truck was sold to the Montrose Fruit Co., of Lynchburg, Va., by the American Locomotive Co., the manufacturer, and shipped from New York to Lynchburg, arriving in Lynchburg on or about April 26, 1913, defendant in error having assisted materially in making such sale, the sale of the truck in New York having been made not later than April 17, 1913, and at a discount of 15% off the list price, viz: $2,950.00, and plaintiff in error received a commission on the sale. The contract between the parties here litigant providing that it might be terminated by either party upon ten days' notice to the other party to that effect, "said ten days to run from the time the notice of cancellation is deposited in the mails, enclosed in a post-paid wrapper properly addressed * * *, but no expiration or termination hereof shall in any wise affect such liabilities of second party as have been incurred prior to such expiration or termination," plaintiff in error, on April 18, 1913, wrote defendant in error cancelling said contract, which letter was mailed on the following day, but under the terms thereof their contract did not terminate before April 29,

63

1913, after the truck in question arrived in Lynchburg and on the day the same was delivered by the carrier to the purchaser. It further appears that subsequently, on May 21, 1913, plaintiff in error wrote defendant in error in reply to a letter from the last-named company that they would not pay the "commission" on this sale, and gave as their reason for refusing so to do that the contract was terminated before the truck arrived in Lynchburg, this being the only reason then given for the refusal to pay defendant in error the commission it demanded on said sale.

The judgment complained of is for 15% of the price actually paid by the Montrose Fruit Co. for the truck in question, and the errors assigned deal only with the instructions given and refused by the trial court.

The court, at the request of the defendant in error, plaintiff below, gave three instructions, the first of which told the jury that the plaintiff was entitled to commissions on the sale of the truck in question if sold prior to the cancellation of the contract between the parties, and the objection to the instruction proceeds upon the theory that it erroneously recognized that the relation of the parties under their contract was that of agent and principal, instead of telling the jury that the plaintiff, under the contract, was only to have as its compensation such profit as might arise on the sale of these trucks in a named territory, over and above the price it was to pay the defendant for a truck sold.

Under the contract between the parties, entitled "Agency Contract," the defendant in error was given the exclusive right to sell in the territory named certain automobiles, the contract fixing the percentage which would be allowed on sales of cars in the specified territory, and it could make no possible difference whether this percentage was called in the court's instruction commissions or discount. Not only so, but plaintiff in error construed the contract between it

and defendant in error as entitling the latter to commissions on the sale of the car or truck to Montrose Fruit Co., if the sale was made before the contract had been cancelled, for, as remarked, in refusing to pay defendant in error *"commissions,"* the refusal was only upon the ground that the contract had been cancelled before the sale was made. A similar contract was in existence at that time between plaintiff in error and the American Locomotive Co., by which the former was the general agent in Virginia of the latter for the sale of its automobiles, etc., and in a letter from the American Locomotive Company to plaintiff in error of April 17, 1913, informing the latter of the sale of the truck in question, the writer said: "We draw on the Montrose Fruit Company for the price of the truck, crediting your account with the commission."

Hudley on Automobiles (2nd ed.), p. 288, cited by plaintiff in error, does say that "an agency, within the meaning of the automobile trade, consists in giving the agent the exclusive right to purchase for cash from the manufacturer machines at a discount from the list price and retail them to customers at the full list price," but all that is there meant, as the concluding part of the text shows, is that while in the automobile trade the agent is entitled to compensation, such compensation is not generally called commission.

While plaintiff in error received compensation for the sale of the truck to the Montrose Fruit Co., it had done nothing in bringing about the sale, but, as plainly appears from the evidence, it was brought about alone by the efforts of defendant in error; so that whether the compensation for the sale it seeks to recover of plaintiff in error in this action be called discount or commissions is wholly immaterial.

Instruction No. 2 complained of is as follows: "The court instructs the jury that if they believe from the evi-

dence that the truck in question was sold to the Montrose Fruit Company and delivered to the railroad company before the cancellation of the contract, to be carried by said railroad company to the Montrose Fruit Company in Lynchburg, Virginia, such delivery to the railroad company constituted the delivery contemplated and required by the contract between the plaintiff and the defendant, and the jury must find for the plaintiff a sum equal to 15% of the price paid by the Montrose Fruit Company for the truck in question, which was $2,507.50, with interest from the date of the sale of said truck. If the jury believe from the evidence that the letter dated April 18, 1913, from the defendant to the plaintiff was written solely for the purpose of depriving the plaintiff of commissions they had earned on the sale of the truck in question, then they are instructed that this constitutes fraud on the part of the defendant, and they must therefore find for the plaintiff."

The objections made to this instruction are: (1) That no sale was made of the truck in question until the draft attached to the bill of lading was paid and the truck delivered to the Montrose Fruit Co.; (2) that the instruction is erroneous in that it fixed the measure of the plaintiff's damages in the event of recovery at 15% of the price paid by the Montrose Fruit Co. for the truck in question; and (3) the contention is made that there is no evidence in the case upon which the last clause of the instruction could be based.

With respect to the first objection, it may be true that the title to the truck in question remained in the seller until the bill of lading was delivered, but it is not true that the sale was to be considered incomplete until the bill of lading was delivered to the purchaser, since the controversy here is not with respect to the ownership of the truck as between the seller and the purchaser after it was delivered to the carrier in New York and before delivery of the

bill of lading therefor to the purchaser, but is a controversy between a general agent in Virginia of the manufacturer and seller of the truck, and a sub-agent under a contract between these agents which did not provide for any delivery, but only for a sale of certain described automobiles or Alco trucks in a prescribed territory. There is no question raised in the case that the truck in question was actually sold and delivered to the Montrose Fruit Co., nor is it denied that the purchaser at the time of the sale in New York made a payment on the purchase price therefor; nor is it denied that plaintiff in error received from the seller the "commission" on the sale which defendant in error, through whose efforts the sale was brought about, is seeking to recover of plaintiff in error in this action; therefore the trial court, in instructing the jury that when the truck was sold and delivered to the carrier this was such a sale and delivery as was contemplated by the contract, and that the plaintiff, defendant in error here, was entitled to its commission on said sale as fixed by the contract, committed no error, certainly none of which plaintiff in error could rightly complain. Benj. on Sales, pp. 73, 93; *Banker's L. Co.* v. *Spindle,* 108 Va. 426, 62 S. E. 266; *Gresham* v. *Gillis,* 113 Va. 643, 75 S. E. 220, Ann. Cas. 1913 E, 778.

Nor did the court err in fixing the measure of damages for breach of contract for the exclusive right of sale as equivalent to the discount allowed to defendant in error on the purchase price of the truck.

Referring to the latter clause of instruction No. 2, which is objected to, it appears in the evidence that plaintiff in error was advised of the sale of the truck to the Montrose Fruit Co. on April 17, 1913; that on the following day they wrote defendant in error cancelling the contract, stating in the letter that the contract was cancelled "owing to advices received from the American Locomotive Co."; and plaintiff in error's witness, Allport, who was also its

vice-president and general manager and had dictated the letter to defendant in error cancelling the contract, testified that one of the reasons for the cancellation of the contract was because this truck had been sold and they were afraid that complications might arise with defendant in error. It also appears, as above stated, that plaintiff in error in its letter of May 21, 1913, refused to pay defendant in error commissions on the sale of the truck solely upon the ground that the contract was terminated by the letter of April 18, 1913, and before the truck arrived in Lynchburg. This evidence was sufficient to sustain the court's instruction to the jury that if they believed that the letter of April 18, 1913, was written solely for the purpose of depriving defendant in error of commissions on the sale of the truck in question, that this constituted fraud on the part of the defendant (plaintiff in error here) and they should find for the plaintiff.

Instruction No. 3, complained of, is: "If the jury believe from the evidence that the defendant employed the plaintiff to find purchasers for motor trucks in the city of Lynchburg; that the plaintiff suggested the name of the Montrose Fruit Company of Lynchburg as a possible purchaser of a motor truck to the attention of the defendant; that the defendant, the Eastern Motor Sales Corporation, actually made the sale of the motor truck to the Montrose Fruit Company at the price of $2,950, then the jury must find for the plaintiff. That the plaintiff was the procuring cause of said sale if said sale was brought about by the plaintiff's exertions in presenting the property to the attention of the purchasers, or by his introducing the purchaser to the defendant, or by his giving to the defendant as possible purchaser the name of the Montrose Fruit Company."

The contention is that this instruction erroneously "calls for a sale actually made by the defendant (plaintiff in error) to the Montrose Fruit Company, and that there is no

testimony that any sale was ever made," the fact being that the sale was made by the American Locomotive Co. without the consent of plaintiff in error.

It is true that the sale of the truck in question to the Montrose Fruit Co. was actually made by the American Locomotive Co., but the sale was brought about by the efforts of defendant in error, was immediately reported by the seller to plaintiff in error, its general agent in Virginia, by letter, the letter saying: "We draw on the Montrose Fruit Company for the price of the truck, crediting your account with the commission"; so that it could make no possible difference whether the sale was actually made by plaintiff in error or by its principal, the American Locomotive Co., since plaintiff in error had authority to make the contract it did with defendant in error, and if the jury believed that defendant in error was the procuring cause of the sale, which they were warranted in believing from the evidence, it was clearly entitled to recover of plaintiff in error commissions on the sale of this truck and especially is this true when it appears that the commissions thereon had been paid to plaintiff in error instead of to defendant in error, who had brought the truck to the attention of the purchaser and also aided materially in the sale of this particular truck. *Gresham* v. *Gillis, supra.*

The trial court having fully and fairly instructed the jury as to the law applicable to the facts which the evidence in the case tended to prove, it did not err in refusing other instructions that were asked by plaintiff in error.

Upon the whole case we are of opinion that the judgment complained of is without error and, therefore, it is affirmed.

*Affirmed.*