# CHARLESTON.

LESLIE I. HAWKINS *et al. v.* B. M. GREEN.

Submitted September 21, 1920.    Decided October 5, 1920.

BROKER—*Broker Not Entitled to Commission, Where Purchaser Revoked Conditional Contract.*

> Where a real estate agent or broker is employed by the owner to procure a purchaser for a particular piece of property, and he produces a purchaser who enters into a conditional contract, reserving the right to annul it if the conditions are not fulfilled, and in accordance with the right so reserved he does revoke the same, the broker is not entitled to the commissions stipulated in the contract. Such conditional contract constitutes a limitation upon the broker's right to commissions.

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Kanawha County.

Action by Leslie I. Hawkins and others against B. M. Green. Judgment for plaintiffs, and defendant brings error.

*Reversed and remanded.*

*Payne, Minor & Bouchelle,* for plaintiff in error.
*D. W. Taylor,* for defendants in error.

MILLER, JUDGE:

Plaintiffs sued defendant for $500.00, commissions alleged to be due them as real estate agents for making sale of a house and lot in the city of Charleston. In the circuit court plaintiffs obtained a verdict and judgment for the full amount of their claim, and it is to this judgment that defendant brings error to this court.

The declaration, containing the common counts and special counts, alleges that the contract, a verbal one, between plaintiffs and defendant in substance and effect was that plaintiffs undertook to furnish defendant with a buyer for said property at the price of eight thousand dollars, upon certain terms of payment, as alleged, and that in consideration thereof defend-

ant agreed to pay plaintiffs for their services the sum of five hundred dollars.

The proof was that for their services in procuring a purchaser plaintiffs were to have all over and above the sum of seven thousand five hundred dollars which they might obtain for said property, not a material variance between the *allegata* and *probata*. But the contract which the plaintiffs prepared and presented to defendant, being in writing, was one which conditioned the sale and purchase upon the title of the property being satisfactory to and approved by the attorney for the purchaser, and possession being delivered to her on or before February 28, 1919, conditions which the evidence shows were not fulfilled, owing to the status of the title and the refusal of the purchaser's attorney to approve the same, and because of which the purchaser declined to take and pay for the property.

The question thus presented before the trial court was whether the procurement by plaintiffs of a purchaser upon those conditions unfulfilled amounted to such performance of the contract as entitled them to the commissions agreed upon. The evidence shows that defendant at the time of entering into the contract advised plaintiffs of the condition of his title and that they were fully cognizant of the facts in relation thereto; and the evidence tends to show that Hawkins, with whom the contract was negotiated, afterwards and after the purchaser had declined to take the property, conceded that he at least as a member of his firm was not entitled to the compensation, not having concluded the sale.

On the trial the court at the instance of plaintiffs instructed the jury, in accordance with the principles laid down in *Hugill* v. *Weekley,* 64 W. Va. 210, that where a real estate broker secures a purchaser satisfactory to the seller, and as a result the parties enter into a valid and enforceable contract, and the broker has done all that is required of him, he is entitled to his commissions although the contract is never consummated or enforced. This theory of the present case was presented by plaintiffs' instruction number one given to the jury. We think it did not correctly propound the law applicable to the facts. The law of the instruction is only pertinent when the

agent has done all the contract requires of him. In this case a purchaser was required willing to accept the property with such title as the defendant could present and deliver by February 28, 1919. In this plaintiffs failed. This condition was a limitation on plaintiffs' right to commissions. *Linton* v. *Johnson,* 81 W. Va. 569, following *Hugill* v. *Weekley, supra;* and *Parker* v. *Building & Loan Association,* 55 W. Va. 134, 147.

The law which should, and does, control this case is as stated in defendant's instructions numbers one (1) three (3) and four (4), rejected by the court, and predicated on the evidence relating to the character of the contract of agency, and upon the fact that the contract of sale was conditioned on the approval of the title by the attorney for the purchaser and the defendant's inability to deliver possession of the property by February 28, 1919. The law of these instructions is as enunciated in *Crockett* v. *Grayson,* 98 Va. 354, cited with approval in *Hugill* v. *Weekley, supra,* that a real estate broker to be entitled to compensation must complete the sale. He must find a purchaser in a situation ready and willing to complete the purchase upon the terms agreed upon, before he is entitled to his commissions. In that case the contract reserved to the purchaser right to defeat the sale, if the liens which he agreed to assume did not exceed the sum of $4000.00; in this case the purchaser was allowed to defeat the sale if her attorney did not approve the title. In 19 Cyc. 270, the law applicable to this case is stated thus: "The contract of employment may be so drawn as to deprive the broker of the right to a commission if the transaction falls through because of a defect in the principal's title, and it has been held that, if the customer reserves the right to withdraw from the transaction in case he finds the title bad upon examination, the broker is not entitled to a commission upon the customer's refusal to make the purchase for that reason."

Defendant's second instruction, in our opinion, did not state a sound proposition of law and was rightly rejected. It was predicated upon the theory, which the evidence tended to support, that plaintiffs agreed as a modification of the original contract to accept the note of the purchaser for $500.00 to be

given for the first deferred payment, in lieu of cash, and that as the sale had not been consummated and the note given, plaintiffs were not entitled to recover the sum originally agreed upon. This might have been the law controlling the case if the purchaser had completed the contract and executed her note; but if the contract, as it was not, had been unconditional and enforceable, and the plaintiffs had done all the contract required of them, the fact that the sale was not completed and notes given, could not deprive them of their right to compensation.

Our conclusion is to reverse the judgment and award the defendant a new trial.

*Reversed and remanded.*