# CHARLESTON.

J. F. DILLON *v.* TURKEY GAP COAL & COKE COMPANY.

Submitted October 25, 1921.    Decided November 1, 1921.

1.  PRINCIPAL AND AGENT—*Principal May Ratify Agent's Original Unauthorized Act by Accepting Benefits and Agreeing to Performance.*

    The act of an agent in making a contract, though originally unauthorized, may be subsequently ratified by the principal by his accepting its benefits and agreeing to its performance. (p. 390).

2.  BROKERS—*Cannot be Denied Commission by Principal's Failure to Enforce Contract on Which Compensation was Made to Depend.*

    When a broker has fully performed his contract of agency to sell property, he can not be denied the compensation stipulated for in his contract by the failure of his principal to enforce a valid and binding contract against a solvent purchaser of the property, the subject matter of the agency, so as to bring about the contingency on which the broker's compensation was made to depend.    (p. 397).

Error to Circuit Court, McDowell County.

Action by J. F. Dillon against the Turkey Gap Coal & Coke

Company for broker's commissions for selling mining machinery. Verdict and judgment for plaintiff, and defendant brings error.

*Affirmed.*

*D. J. F. Strother* and *Anderson, Strother, Hughes & Curd,* for plaintiff in error.

*Joseph M. Crockett,* for defendant in error.

Miller, Judge:

This is an action begun by plaintiff, a broker, for the recovery of commissions alleged to be owing him by defendant, for making sale for it of certain mining machinery, then situate · in West Virginia, to Riley Brothers & Company, located in Ohio, and to whom said machinery was consigned by defendant, and delivered to them by the carrier.

The contract, in writing, with plaintiff was negotiated and entered into through McQuail, vice-president and general manager of the defendant company, and one Cockill, superintendent on the ground, the contract being signed on defendant's behalf by Cockill.

The provision of the contract of agency relied on by plaintiff is as follows: "In consideration of services rendered in said sale, the Turkey Gap Coal & Coke Company agree to pay to the said J. F. Dillon, One Thousand Dollars as soon as the Three Thousand Dollars has been collected from the purchaser of said plant." The terms of payment by Riley Brothers, as stipulated in defendant's contract with them, signed on its behalf by said Cockill, was the sum of $3,000.00, payable, "$500.00 cash in hand paid, the receipt of which is hereby acknowledged, $2,000.00 to be paid through the Citizens National Bank, of Middleport, Ohio, as soon as bill of lading is presented to said Bank. The remaining $500.00 to be paid as soon as plant is put in operation."

That the property so sold had been delivered to Riley Brothers, and that defendant had received the cash payment and turned it over to plaintiff on account of his commissions, are facts not only proven, but conceded by defendant company. The grounds or propositions of defense are two:

First, that Cockill had no authority in the first instance to agree with plaintiff that he might sell the property on the terms stipulated, so as to bind defendant to collect from the purchaser the whole consideration of $3,000.00, and pay over to him the amount of his commissions included in the purchase price; that Cockill's authority was to sell or authorize Dillon to sell at $2,000.00 net to it, the agent to have all that he might receive therefor in excess of the $2,000.00; Second, that as the balance of $500.00 had not yet been collected from the purchasers, the condition of the payment thereof by defendant to plaintiff had not been fulfilled, and that the action was premature.

On the trial the jury, after being instructed by a single instruction given by the court on its own motion, to which both parties excepted, returned a verdict in favor of plaintiff for the amount demanded, $500.00, with interest from June 30, 1920; and the court below pronounced the judgment for plaintiff thereon, to which the present writ of error relates.

On the first proposition, want of authority in Cockill to enter into the contracts, we find no merit. The evidence shows that McQuail, the general manager, from the very beginning had knowledge of the terms of both the contract of agency, and those entering into the contract with Riley Brothers. But however this may be, the fact is undisputed that the defendant subsequently ratified the contracts, by collecting the down payment from Riley Brothers and turning it over to plaintiff on his commissions, and subsequently, with knowledge of all the facts, by agreeing with plaintiff that it would proceed to collect the balance of the purchase money and turn it over to him in settlement of his commission account, but afterwards failed, neglected or refused to do so. It is unnecessary to cite authority for the proposition that an act of an agent, though unauthorized, may subsequently be ratified and the principal bound thereby.

On the second proposition, namely, whether the right to demand of defendant the balance of his commissions had at the time of the action accrued to plaintiff, there is presented a more serious question. It is conceded that this balance

has not been collected by defendant, and this in violation of
its promise to plaintiff that it would proceed to do so.    That
the plant of Riley Brothers, after the delivery of the ma-
chinery sold them by defendant, was put in operation, is fully
proven, and that the balance due by the terms of the contract
had matured for payment, there is no question.    Nor is the
fact of their solvency in any way questioned.    Moreover, the
evidence is that they were entirely solvent, and the money
collectible. It is not denied that plaintiff repeatedly demanded
of the defendant that it proceed to collect the balance due
from Riley Brothers, nor that the latter refused to do so.
Having received all the money coming to it, the evidence
shows that it proposed at one time, if plaintiff would in-
demnify it against costs that might be incurred, he might
make use of defendant's name to bring an action against Riley
Brothers, which proposition was not accepted, it seems; at
least plaintiff never undertook to institute and prosecute such
action.    Certainly the obligation did not rest upon him, but
upon the defendant, by the force of its contract.

While it is true, as a general rule, as argued by counsel
for defendant, and for which proposition they cite numerous
authorities, that a broker can not recover compensation in
advance of the contingency on which he has stipulated in his
contract such compensation should depend, in this case the
payment of the purchase money by the purchasers; yet there
is a very important exception to this general rule, and that
is when the broker has found a purchaser, and seller and pur-
chaser have entered into a valid and binding contract, and
the broker has done all that is required of him by the terms
of the contract, and his principal refuses to enforce his con-
tract against the purchaser so as to bring about the con-
tingency relied on, and by such neglect and refusal, or by sur-
render by the vendor of his rights, the broker can not be thus
deprived of his compensation.    *Hugill* v. *Weekly,* 64 W. Va.
210; *Bankers Loan Co.* v. *Spindle,* 108 Va. 426; *Linton* v.
*Johnson,* 81 W. Va. 569.    These cases decide generally that
when a broker has fully performed his contract, he can not
be deprived of his compensation by the failure or refusal of
the seller to enforce the valid and binding contract entered.

into between him and the purchaser.     Cases from other states in point on this proposition are: *Pinkerton* v. *Hudson,* 113 S. W. 35; *Grosse* v. *Cooley,* 43 Minn. 188; *Wray* v. *Carpenter,* (Colo.), 25 Am. St. Rep. 265.

The instruction given the jury, objected to by both parties, did not properly state the law of the case, but as it was more favorable to the defendant than it was entitled to, and it was not prejudiced thereby, we are not disposed to disturb the verdict because of the erroneous instruction.

Our conclusion is to affirm the judgment.

*Affirmed.*