C. H. DOWLER *et al., Partners, etc.,* v. SUBURBAN
IMPROVEMENT COMPANY.

(No. 6826)

Submitted February 10, 1931.   Decided February 17, 1931.

*Bryant, Amos & Cummins,* for plaintiffs in error.
*Howard & Howard,* for defendant in error.

MAXWELL, JUDGE:

From a judgment for defendant by the trial court, without
a jury, plaintiffs prosecute this writ of error.

Due to the efforts of William G. Brand, one of the partners
in the real estate firm of Dowler & Brand, plaintiffs, defend-
ant entered into a written contract of sale of certain real
estate with Henry Hazlett, the pertinent features whereof
being that Hazlett was to pay $5,000.00 immediately and the
balance, $100,000.00, in six months, at which time a deed for

the property was to be delivered to Hazlett. Later the same day that the contract of sale was executed, Mr. John A. Howard drew up a memorandum of agreement which he signed on behalf of defendant and which Brand signed for plaintiffs. The memorandum is as follows:

March 9, 1928.

Mr. William G. Brand,
    Wheeling, West Virginia.
Dear Sir:
    The Suburban Improvement Company is to pay you a commission of three thousand and sixty dollars (3,060.00), on the sale of the Howard Residence to Henry L. Hazlett. This is to be paid promptly upon delivery of the deed to Mr. Hazlett.
                Yours very truly,
Approved:        SUBURBAN IMPROVEMENT CO
    Dowler, Brand            By John A. Howard
    Realty Co.                        President.
        By W. G. Brand.''

Hazlett defaulted after the initial payment of $5,000.00, and the property was never conveyed to him. Nothing was said as to Brand's commission until sixteen months later when Brand wrote defendant demanding payment of it. Upon defendant's refusal to pay, plaintiffs instituted this action upon notice of motion for judgment.

Plaintiffs' contention is that since a valid contract of sale was entered into between vendor and purchaser through Brand's labors, the commission for the sale accrued regardless of the subsequent defalcation of the purchaser. Many cases support the proposition that when an agent for the vendor has procured a buyer ready, willing and able to purchase the property at the price and on the terms prescribed by the vendor, his commission is payable, whether the purchaser completes the contract or not. *Linton* v. *Johnson,* 81 W. Va. 569; 9 Corpus Juris, p. 591, and cases cited; *Lunney* v. *Healey,* (Neb.) 44 L. R. A. 593, and exhaustive note appended thereto. Nor can defalcation of the vendor defeat the agent's recovery. *Reynolds* v. *Tompkins,* 23 W. Va. 229; *Hugill* v. *Weekley,* 64 W. Va. 210.

But such matters are entirely contractual. Each case must, in the final analysis, rest upon an interpretation of the contract entered into by the agent with the seller or the buyer. Authorities are legion that an agent may bind himself by an agreement making any stipulation which the parties choose a condition precedent to the payment of commission. *Parker* v. *Bldg. & Loan Assn.*, 55 W. Va. 134; *Noyes* v. *Caperton*, 68 W. Va. 13; *Harne* v. *Pike*, 70 W. Va. 489; *Hawkins* v. *Green*, 87 W. Va. 116; *Murray* v. *Rickard*, 103 Va. 132; *Crockett* v. *Grayson*, 98 Va. 354; *Terry* v. *Bishop*, (Va.) 112 S. E. 619; *Massie* v. *Firmston*, 134 Va. 450; *Pfanz* v. *Humburg*, (Ohio) 29 L. R. A. (N. S. 533 and note. ''Thus a broker employed to buy, sell, or exchange property may be engaged on such terms that he is not entitled to compensation until a contract of purchase, sale, or exchange has been entered into, or until title has been transferred, or until the payment or tender of the purchase money or a certain portion thereof.'' 9 Corpus Juris, page 593, and cases cited.

In the case at bar, we are confronted with the memorandum of agreement signed by Brand and Howard March 9th. That is controlling. The interpretation thereof must be made in the light of attendant facts and circumstances. It is to be considered that Brand approached Howard in the interest of a prospective purchaser, and, after having ascertained Howard's price and having procured his permission to negotiate a sale, did in fact effectuate a contract of sale between defendant and Hazlett. The clause of said contract of paramount importance in determining the issue, is that the deed was to be delivered upon payment of the balance of the purchase money six months later. As yet there had been no mention of Brand's commission except that defendant would pay same. But later in the day that this contract was executed, Howard drew up the memorandum of agreement above set forth, Brand considered same and they both signed it. As to time of payment, it states: ''This is to be paid promptly upon delivery of the deed to Mr. Hazlett.'' By the contract of sale, as above seen, the deed was to be delivered to Hazlett upon his payment of the balance due. The intendment of this agreement appears plain and reasonable. The trial court

interpreted it to mean, as do we, that the payment of plaintiff's commission was conditioned upon delivery of the deed to Hazlett.

But, plaintiffs contend that defendant never tendered or even prepared a deed. The evidence discloses that several days after the execution of the contract, Brand came to defendant's office and reported that Hazlett was ill and not financially able to comply with the contract. At the expiration of the six months period the whereabouts of Hazlett were unknown to the defendant. Under circumstances such as these, the making of a deed would have been a vain thing. Defendant cannot be penalized for omitting to do an act which would have been ineffective.

Plaintiffs cite the cases of *Hugill* v. *Weekley,* 64 W. Va. 210, and *Linton* v. *Johnson,* 81 W. Va. 569, as controlling in this case. An examination of those cases shows that each was controlled by contract entered into by vendors and agents, and the interpretations of those contracts were made in the light of the facts and circumstances. In neither of those cases, as in the case at bar, was the agent's right to commission conditioned upon the payment of the full purchase price by the buyer and the delivery of deed by the seller to the buyer.

In the light of the foregoing, we affirm the finding of the trial court.

*Affirmed.*